# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

KENITHA L. FERGUSON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:17-CV-00983
CRIM. NO. 2:16-CR-00010
JUDGE JAMES L. GRAHAM
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings this Motion to Vacate under 28 U.S.C. § 2255. (Doc. 77). This matter is before the Court on its own motion under Rule 4(b) of the Rules governing Section 2255 Proceedings in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the Motion be **DENIED** and that this action be **DISMISSED.**

### I. BACKGROUND

Petitioner was convicted, pursuant to the terms of her negotiated guilty plea, on conspiracy to defraud the United States, in violation of 18 U.S.C. § 286. *See* Plea Agreement (Doc. 42). On May 12, 2017, the Court imposed a term of eighteen months incarceration, to be followed by three years supervised release, plus a special assessment of $100.00 and restitution in the amount of $153,574.00. *Judgment* (Doc. 69). On June 20, 2017, an Amended Judgment was filed, indicating that, of the $153,574 total restitution ordered in the case, $132,020 is joint and several with co-defendant Brandon Hamiltion, 2:16-cr-10(2), and $21,554 is Petitioner's sole obligation. (Doc. 76, PageID# 261). Petitioner did not appeal.

On November 8, 2017, Petitioner filed this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. 2255. She asserts, as her sole claim for relief, that the Court's restitution order is improper under *Honeycutt v. United States*, -- U.S. --, 137 S.Ct. 1626 (2017).

## II. STANDARD OF REVIEW

A petitioner is entitled to relief under 28 U.S.C. § 2255 only in the extraordinary event that she demonstrates either: (1) a lack of jurisdiction by the convicting court; (2) constitutional error; or (3) legal error so grave as to be "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (citing 28 U.S.C. § 2255). Additionally, "'[a] § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances.'" *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996) (quoting *United States v. Brown*, 62 F.3d 1418 (6th Cir. 1995)). Further, non-constitutional claims not raised at trial or on direct appeal are waived on collateral review except where the errors amount to something akin to a denial of due process. Accordingly, claims that could have been raised on direct appeal, but were not, will not be entertained on a motion under § 2255 unless the petitioner shows: (1) cause and actual prejudice sufficient to excuse his failure to raise the claims previously; or (2) that he is "actually innocent" of the crime. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)) (internal citations omitted).

> A petitioner who entered a guilty plea must show an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)(citing *Abrahamson*, 507 U.S. at 637). Therefore, a court may only grant relief under § 2255 if the petitioner demonstrates "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id*. at 736 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). A petitioner further bears the burden of articulating sufficient facts to state a viable claim for relief under § 2255. Vague and conclusory claims

> which are not substantiated by allegations of specific facts with some probability of verity are not enough to warrant relief. A § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and fails to state a claim cognizable under § 2255. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

*United States v. Noble*, No. 1:14-cr-135, 2017 WL 626130, at *3 (N.D. Ohio Feb. 15, 2017).

In *Honeycutt v. United States*, the case on which Petitioner relies, the Supreme Court held that under 21 U.S.C. § 853, which mandates forfeiture of proceeds derived from certain drug crimes, a defendant may not be held jointly and severally liable for property that her co-conspirator derived from the crime but that the defendant herself did not acquire. *Honeycutt*, 137 S.Ct.1626, 1630 (2017). Accordingly, "forfeiture pursuant to § 853(a)(1) is limited to property the defendant [her]self actually acquired as the result of the crime." *Id.* at 1635. Here, however, Petitioner was not convicted for a drug crime, and the Court did not issue an order of forfeiture pursuant to the provision at issue in *Honeycutt*.

Courts have drawn a distinction between the forfeiture provision at issue in *Honeycutt* and restitution pursuant to a conspiracy charge. "*Honeycutt* found that the bedrock principle of conspiracy liability was not incorporated into forfeiture for drug offenses under 21 U.S.C. § 853." *Bangiyev v. United States*, No. 1:14-cr-206, 2017 U.S. Dist. LEXIS 133553, at *12–13 (E.D. Va. Aug. 18, 2017). In contrast, the Sixth Circuit has held that members of a conspiracy *can* be held accountable for the foreseeable loss caused by the conspiracy or scheme. *See United States v. Bogart*, 576 F.3d 565, 576 (6th Cir. 2009) (holding that "the district court did not abuse its discretion in holding Bogart jointly and severally liable for restitution to the victims of the conspiracy."). Accordingly, "unlike 21 U.S.C. § 853, calculating fraud loss does incorporate the

bedrock principles of conspiracy liability." *Bangiyev*, 2017 U.S. Dist. LEXIS 133553, at *13. Thus, on the merits, Petitioner's claim is unsuccessful.

Further, pursuant to the terms of her Plea Agreement, Petitioner agreed that the IRS had calculated the loss in this case to be $153,574, and indicated that she understood that the Court would make a final determination regarding loss and the appropriate amount of restitution. (Doc. 42, PageID# 134–35.) In addition, she expressly waived her right to challenge her conviction or sentence on appeal or under 28 U.S.C. § 2255, except as to any punishment in excess of the statutory maximum or claims involving the denial of the effective assistance of counsel or prosecutorial misconduct. (PageID# 136–37.) Thus, Petitioner waived her right to challenge the Court's restitution order. The Sixth Circuit "has consistently held that plea agreement waivers of 2255 rights are generally enforceable." *Cox v. United States*, 695 F. App'x 851, 853 (6th Cir. 2017) (citing *Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001)). "It is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement." *Id.* (citing *United States v. Fleming*, 239 F.3d 761, 763–64 (6th Cir. 2001) (internal quotation omitted). "To be valid, the waiver simply must have been entered into knowingly and voluntarily." *Id.* (citing *Davila*, 258 F.3d at 451). Petitioner has not alleged that her plea agreement was not knowing or voluntary, thus forecloseing this challenge. *See United States v. Yancey*, No. 15-6138, 2017 U.S. App. LEXIS 16947, at *6 (6th Cir. Sep. 1, 2017) ("[T]he question in this appeal is not whether the forfeiture was proper . . . . The question here is whether [the defendant] waived his challenge to that (presumptively improper) order. And the answer is that he did.").

Finally, federal habeas corpus does not provide a remedy for challenges to a restitution order or judgment of forfeiture. "[T]he right to relief under Sec. 2255 is limited by the express

terms of the statute to situations where the prisoner is attacking the judgment under which he is in custody and, if successful, would be entitled to be released." *United States v. Blankenship*, No. 7:15-011-DCR-1, 7:17-096-DCR, 2017 WL 3260604, at *2 (E.D. Kentucky July 31, 2017) (quoting *Duggins v. United States*, 240 F.2d 479, 484 (6th Cir. 1957)).

> The custodial limitation embedded in the text of the federal postconviction statutes makes plain that convicted defendants have no right to use those statutes to raise freestanding challenges to the non-custodial components of their sentences, including forfeiture orders. *United States v. Ross*, 801 F. 3d 374, 380 (3d Cir. 2015) ("monetary component of a sentence" does not satisfy the "in custody" requirement of federal habeas statutes); *United States v. Finze*, 428 F. App'x 672, 677 (9th Cir. 2011) (unpublished) (because a "forfeiture claim ... is not a claim for release from custody," claim is not cognizable on collateral review), cert. denied, 565 U.S. 902 (2011); *United States v. Thiele*, 314 F.3d 399, 400 (9th Cir. 2002) (Section 2255 "is available to prisoners claiming the right to be released from custody. Claims for other types of relief, such as relief from a restitution order, cannot be brought in a § 2255 motion, whether or not the motion also contains cognizable claims for release from custody."), cert. denied, 540 U.S. 839 (2003); *see also Blaik v. United States*, 161 F.3d 1341, 1342–43 (11th Cir. 1998) (collecting cases); *Campbell v. United States*, 330 F. App'x 482, 482–83 (5th Cir. 2009) (*per curiam*) (unpublished) (fine and restitution orders not challengeable in a Section 2241 petition); *Arnaiz v. Warden*, 594 F.3d 1326, 1329 (11th Cir. 2010) (*per curiam*) (restitution order not challengeable in a Section 2241 petition); *Kaminski v. United States*, 339 F. 3d 84, 87 (2d Cir. 2003) (fine and restitution orders not challengeable in a Section 2255 proceeding) (collecting cases), cert. denied, 540 U.S. 1084 (2003).

*United States v. Alquza*, No. 3:11-cr-373-FDW, 2017 WL 4451146, at *3 (W.D. N.C. Sept. 21, 2017) (footnote omitted). *See also Bangiyev*, 2017 WL 3599640, at *4 (E.D. Virginia Aug. 18, 2017) (citing *United States v. Knafel*, No. 5:12-CR-00015-1, 2013 WL 6404966, at *1 (W.D. Va. Dec. 6, 2013) ("Petitioner cannot attack the validity the forfeiture order via 2255 because the outcome would not have any impact on the length of his custody pursuant to the criminal judgment.")

5

For all of these reasons, Petitioner has failed to raise a claim warranting relief.

### III. CONCLUSION

For the foregoing reason, the Magistrate Judge **RECOMMENDS** that the Motion (Doc. 77) be **DENIED** and that this action be **DISMISSED.**

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.

Date: November 16, 2017         /s/ Kimberly A. Jolson
                                KIMBERLY A. JOLSON
                                UNITED STATES MAGISTRATE JUDGE