**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**KENITHA L. FERGUSON,**

    **Petitioner,**

v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

**CASE NO. 2:17-CV-00983
CRIM. NO. 2:16-CR-00010-1
JUDGE JAMES L. GRAHAM
Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

On November 16, 2017, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4(b) of the Rules governing Section 2255 Proceedings in the United States District Courts recommending that the *Motion to Vacate under 28 U.S.C. § 2255* (Doc. 77) be dismissed. (Doc. 78.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (Doc. 79.)

Petitioner challenges the Court's restitution order as improper under *Honeycutt v. United States*, -- U.S. --, 137 S.Ct. 1626 (2017). The Magistrate Judge recommended dismissal of this claim as failing to provide a basis for federal habeas corpus relief, and as waived under the terms of Petitioner's *Plea Agreement*. Petitioner objects to the Magistrate Judge's recommendation. Petitioner again argues that the restitution order violates *Honeycutt*, and states that she could not earlier raise this claim because the time period to file an appeal expired prior to the Supreme Court's decision in *Honeycutt*. Petitioner contends that she therefore should be able to raise this claim pursuant to "plea stipulations" in these proceedings. *Objection* (Doc. 79, PageID# 286.)

However, Petitioner expressly waived her right to challenge the Court's restitution order pursuant to the terms of her *Plea Agreement*. (Doc. 42, PageID# 136-37.) Moreover, as

discussed in the Magistrate Judge's *Report and Recommendation*, challenges to a restitution order or judgment of forfeiture do not provide a claim cognizable in these proceedings. "There is no indication that the Sixth Circuit has ever permitted a 2255 challenge to a forfeiture judgment. . . and it appears that every court to consider the issue, at least when not tied to a custodial challenge, has declined to grant relief." *United States v. Blankenship*, No. 7:15-011-DCR, 2017 WL 3260604, at *3 (E.D. Kentucky July 31, 2017) (citations omitted).

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the foregoing reasons and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection* (Doc. 79) is **OVERRULED**. The *Report and Recommendation* (Doc. 78) is **ADOPTED** and **AFFIRMED**. The *Motion to Vacate under 28 U.S.C. § 2255* (Doc. 77) is **DENIED** and this action is hereby **DISMISSED.**

A petitioner proceeding under §2255 has no automatic right to appeal from an adverse decision by a district court. See 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.) When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

This Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's claim as waived pursuant to the terms of Petitioner's Plea Agreement and as failing to provide a basis for relief. Therefore, the Court **DECLINES** to issue a certificate of appealability.

Additionally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal would not be taken in good faith. Therefore, any request to for leave to appeal *in forma pauperis* should be denied. *See* Fed.R.App.P. 24(a); *Kincade v. Sparkman*, 117 F.3d at 952.

**IT IS SO ORDERED**.

Date: December 4, 2017

                                                 _____s/James L. Graham_____
                                                 JAMES L. GRAHAM
                                                 United States District Judge